**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SADIKIN BUDIMAN,<br><br>  Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | Nos. 07-71969<br>     07-73638<br><br>Agency No. A099-338-145<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

   Sadikin Budiman, native and citizen of Indonesia, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT") (No. 07-

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

71969).  Budiman also petitions for review of the BIA's denial of his motion to reconsider (No. 07-73638).  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).  We review for abuse of discretion the BIA's denial of a motion for reconsideration, and de novo its determination of purely legal questions. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny the consolidated petitions for review.

Substantial evidence supports the agency's finding that Budiman did not suffer harm that rises to the level of past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-20 (9th Cir. 2006).

Further, even as a member of a disfavored group, Budiman has not established a well-founded fear of future persecution on account of his Chinese ethnicity because he failed to demonstrate that he faces an individualized risk of harm.  *See Sael v. Ashcroft*, 386 F.3d 922, 927-28 (9th Cir. 2004) (member of a disfavored group must also show an individualized risk of harm); *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (general, undifferentiated claim did not make the petitioner eligible for asylum).  The record also does not compel the conclusion Budiman has a well-founded fear of future harm based on his Buddhist religion.  *See Kotasz v. INS*, 31 F.3d 847, 854 (9th Cir. 1994) (denial

of asylum to one petitioner affirmed because she did not show systematic persecution or offer any individual evidence). Finally, Budiman has not established there is a pattern or practice of persecution against Chinese or Buddhists in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009). Accordingly, substantial evidence supports the agency's finding that Budiman does not have a well-founded fear of future persecution on account of a protected ground. *Elias-Zacarias*, 502 U.S. at 483.

Because Budiman failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

The record does not compel the conclusion it is more likely than not that Budiman will be tortured if he returns to Indonesia. *See Wakkary*, 558 F.3d at 1068; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence in a country does not meet the standard for CAT relief).

The BIA did not abuse its discretion in denying the motion for reconsideration because Budiman did not establish a well-founded fear of future persecution under the disfavored group analysis of *Sael*. *See Cano-Merida*, 311 F.3d at 964 (the BIA's decision will not be disturbed unless it is arbitrary, irrational, or contrary to law).

07-71969

Because our review is limited to documents in the record, we do not consider whether Budiman is eligible for asylum based on his sister's successful application. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**No. 07-71969: PETITION FOR REVIEW DENIED.**

**No. 07-73638: PETITION FOR REVIEW DENIED.**